IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MATTHEW ROBERT HEYN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-cv-203-CAR-MSH |
| | * | 42 U.S.C. § 1983 |
| DEP. HAROLD G. WILKES, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Wilkes's Motion for Summary Judgment.  (ECF No. 14.)  Plaintiff was notified of his right to respond to the motion on February 22, 2012 (ECF No. 16), but failed to file any response, nor any further pleadings, since that time.  For the reasons stated below, Defendant's motion should be granted.

## DISCUSSION

### I.   Standard for Motion for Summary Judgment

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A

factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

The law provides that the party against whom summary judgment is sought must be given ten (10) days' notice of the summary judgment rules. In addition, the party against whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution. *See Van T. Junkins & Assoc. Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

## II.     Plaintiff's Claims

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Deputy Sheriff Harold G. Wilkes. (Compl. 5, ECF No. 1.) In his Complaint, Plaintiff contends that he was pulled over by Deferndant Wilkes on January 7, 2011, and placed in handcuffs in Defendant's patrol vehicle. (*Id.*) Plaintiff claims that Defendant then opened the car door and "tased" him and then started to beat him, causing a swollen jaw and loose teeth. (*Id.*) He seeks $100,000.00 in damages. (*Id.*)

## III.    Qualified Immunity

Defendant contends that Plaintiff's action should be dismissed because he is entitled to qualified immunity. (Mot. for Summary Judgment 1, ECF No. 14-1.) Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Specifically, "[t]he doctrine of

qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (internal quotation marks omitted).

Under qualified immunity analysis, the public official must first prove he was "engaged in a 'discretionary function' when he performed the acts of which plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendant Wilkes was acting within the scope of his discretionary authority as a sheriff's deputy when he attempted to arrest Plaintiff after a traffic stop. *See Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). Once that determination is made, the burden shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity. *Id.*

The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009) (based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged

4

wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

Here, when the burden of proving that the Defendant was not entitled to qualified immunity shifted to the Plaintiff, he failed to respond. Nonetheless, the evidence presented is examined by this court in a light more favorable to the Plaintiff, as is required by law. *See Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

Plaintiff claimed that Defendant used excessive force in arresting him. (Compl. 5.) A claim of excessive force is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *McCullough v. Antolini,* 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Graham v. Connor*, 490 U.S. 386, 388 (1989)). In *Graham*, the Supreme Court established that, "in order to balance the necessity of using some force attendant to an arrest against the arrestee's constitutional rights, a court must evaluate a number of factors, 'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Lee v. Ferraro,* 284 F.3d 1188, 1197-98 (11th Cir. 2002); *see also MacMillan v. Roddenberry*, 432 F. App'x 890, 895 (11th Cir. 2011). "*Graham* dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee*, 284 F.3d at 1198.

In this case, Plaintiff alleges that Defendant opened the door of the patrol car and "tased" him and then started to beat him.  The evidence, however, reveals that after being alerted to a convenience store robbery and locating the identified vehicle, Defendant observed Plaintiff leaving the roadway on the night of January 7, 2011, and initiated a traffic stop. (Harold Wilkes Aff. ¶¶ 3, 4, 8; ECF No. 14-2.)  Defendant, upon detecting a strong odor of alcohol, arrested Plaintiff for driving under the influence and attempted to detain him. (Wilkes Aff. ¶11.)  Because Plaintiff was so inebriated, he was unable to remove his own seatbelt, which required Defendant to do so. (*Id.* ¶ 12.)   After being removed from the vehicle and patted down, Plaintiff refused a breathalyzer test. (*Id.* ¶¶ 13-17.)  Thereafter, the witness from the convenience store robbery appeared at the scene to provide a statement. (*Id.* ¶ 18.)  Plaintiff, at that point, began kicking the window and door of the patrol car. (*Id.* ¶ 20.)  Plaintiff was told to stop, but after his handcuffs were re-secured, he attempted to kick out the window. (*Id.* ¶ 22.)  Defendant Wilkes then retrieved leg restraints out of his vehicle and attempted to put them on Plaintiff, at which time Plaintiff began kicking and kicked Defendant in the face. (*Id.* ¶ 25.)  Defendant then used his taser[1] on Plaintiff, which had little effect. (*Id.* ¶ 27.)  At that point, Plaintiff was instructed to stop resisting, and when he did not, Defendant struck Plaintiff in the face to subdue him. (*Id.* ¶¶ 27-30.)

---

[1] *See Hoyt v. Cooks*, 672 F.3d 972, 980 (11th Cir. 2012)(makes a resort to using a taser permissible, finding that "[t]he government interests at stake here are strong. [The Defendants] could not wait indefinitely for [Plaintiff] to stop resisting or for his strange behavior to subside. [Plaintiff] could not be safely transported until he was restrained. . . . Other alternatives, e.g. brute physical force, also presented dangers both to [Plaintiff] and the officers.")

In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond.  The Eleventh Circuit has held that on a motion for summary judgment, a plaintiff cannot rest on his conclusory allegations to create a genuine issue of material fact as to his claims. *McCarley v. KPMG Int'l,* 293 F. App'x 719, 722 (11th Cir. 2008).  Therefore, there is no evidence in the record which establishes that any of Plaintiff's constitutional rights have been violated.  As such, it is recommended that Defendants' Motion for Summary Judgment be granted as Plaintiff has failed to provide evidence to show that there is a genuine dispute as to any material fact.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED for the above stated reasons.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 6th day of June, 2012.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE